**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DENISE STRONG, as Personal Representative of the ESTATE OF Mary J. STRONG, deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** ) | **CIV. ACT. NO. 2:24-cv-105-TFM-B** |
| ) | |
| **DALLAS COUNTY COMMISSION,** *et al.*, )<br>)<br>) | |
| **Defendants.** ) | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Pending before the Court are *Defendant Dallas County Commission's Motion to Dismiss Plaintiff's Amended Complaint* (Docs. 28 and 29, filed 07/31/24) and *Defendant Sheriff Mike Granthum, Vivian Hunter, Beverly Huffman, and Elizabeth Daniels' Motion to Dismiss Plaintiff's Amended Complaint* (Docs. 30 and 31, filed 07/31/24). Plaintiff filed her respective responses and Defendants filed their replies. Docs. 38, 39, 40, 41. For the reasons detailed below, both motions are **GRANTED in part** and **DENIED in part**.

## I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that gave rise to the claims in this matter occurred in this judicial district.

No party contests jurisdiction or venue, and the Court finds adequate support for both.

## II.    BACKGROUND

### A.    Factual Background

This case arises out of the death of Mary J. Strong ("Strong").  According to the Amended Complaint, Strong was incarcerated and held on bond as pre-trial detainee at Dallas County Jail from June 24, 2021 until April 1, 2022.  Doc. 23 at 4-5.  On April 1, 2022, Strong was released on a self-recognizance bond.  *Id.* at 5.  That same day, prior to her release on bond, Defendant Lakimbrell Marshall, CRNP ("Marshall") saw Strong as a patient and wrote an order for her to be transferred to the emergency room, noting that the priority was "urgent."  *Id.* at 5-6.  Rather than send Strong to the emergency room, Strong was released on bond to her family without any medication, treatment plan, or medical advice.  *Id.* at 6.  On April 2, 2022, Strong's condition worsened, and her family called an ambulance.  *Id.* at 9.  Strong died at the hospital three days later, on April 5, 2022, from septic shock.  *Id.*  The Amended Complaint alleges that Strong suffered from multiple medical issues that were disregarded while incarcerated at Dallas County Jail that ultimately resulted in her death.  *Id.* at 5.

### B.    Procedural Background

On April 5, 2024, Plaintiff Denise Strong, as personal representative of the Estate of Mary J. Strong ("Plaintiff"), filed her original complaint with this Court.  Doc. 1.  Defendants Dallas County Commission ("DCC"), Dallas County Sheriff's Department, Sheriff Mike Granthum ("Granthum"), Former Warden Suttles, Vivian Hunter ("Hunter"), Beverly Huffman ("Huffman"), Elizabeth Daniels ("Daniels") and Leslie Davis filed a motion to dismiss, or in the alternative a motion for a more definite statement.  *See* Doc. 5.  On July 17, 2024, with the Court's leave, Plaintiff filed her Amended Complaint against Defendants DCC, Granthum, Hunter, Tracy Davis, Huffman, Daniels, and Marshall.  *See* Doc. 23.

Plaintiff's Amended Complaint asserts the following claims:

- Prima facie and/or per se negligence against DCC (Count I);

- Violation of her constitutional rights with deliberate indifference pursuant to 42 U.S.C. § 1983 against Granthum in his individual capacity (Count II);

- Violation of her constitutional rights with deliberate indifference pursuant to 42 U.S.C. § 1983 against Hunter, Davis, Huffman, and Daniels in their individual and official capacities (Count III);

- Violation of the Fourteenth Amendment with deliberate indifference under the substantive due process clause against Granthum in his individual capacity (Count IV);

- Violation of her constitutional rights pursuant to 42 U.S.C. § 1983 against Marshall (Count V);

- Failure to provide necessary medical attention pursuant to Ala. Code 1975 § 14-6-19 against DCC and Marshall (Count VI);

- Medical negligence and/or wantonness against Marshall (Count VII), and;

- Wrongful death against all Defendants (Count VIII).

On July 31, 2024, DCC filed their motion to dismiss and brief in support. Docs. 28, 29. That same day, Granthum, Hunter, Huffman, and Daniels, (collectively, the "Sheriff Defendants"), filed their motion to dismiss and brief in support. Docs. 30, 31. Plaintiff timely filed her responses and Defendants timely filed their respective replies. Docs. 38, 39, 40, 41. The motions are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

Additionally, the Court notes that Marshall did not file a motion to dismiss and filed an answer to Plaintiff's Amended Complaint on November 22, 2024. Doc. 47. Thus, this order and opinion does not address any of Plaintiff's claims asserted against Marshall. The Court further notes that Plaintiff's amended complaint brings claims against Tracy Davis. However, Tracy Davis does not seem to have appeared in this matter, and she did not join in the Sheriff Defendants' motion to dismiss. The Court will address any issues regarding Tracy Davis in a separate order.

### III.    STANDARD OF REVIEW

**A.  Fed R. Civ. P. 12(b)(1)**

A sovereign immunity argument under the Eleventh Amendment implicates the Rule 12(b)(1) jurisdictional standard.  *See Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996); *Culverhouse v. S. Union Cmty. College*, Civ. Act. No. 3:21-cv-121-RAH-SMD, 2021 U.S. Dist. LEXIS 110741 at *2, 2021 WL 2417154 (M.D. Ala. June 14, 2021).

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000).  The burden of proof for a Fed. R. Civ. P. 12(b)(1) is on the party averring jurisdiction.  *Gilmore*, 124 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).  A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually.  *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review).  The Court is

"not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).[1] Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id.* Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919 F.2d at 1529 (citations and internal quotation marks omitted). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating the same). In other

---

[1] In this Circuit "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 12264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P. 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's causes of action*." *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation marks omitted) (emphasis in original).

**B. Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).  Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss.  *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss).  "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'"  *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV.    DISCUSSION AND ANALYSIS

Defendant DCC argues that all of Plaintiff's claims asserted against it are due to be dismissed for failure to state a claim because it cannot be liable for the acts of those whom it has no authority to control.  Doc 29 at 5.  Additionally, DCC argues that Plaintiff's Constitutional claims under the Fifth and Eighth Amendments are due to be dismissed for failure to state a claim because the decedent was a pretrial detainee.  *Id.* at 11.

The Sheriff Defendants argue that Plaintiff's claims against them are due to be dismissed as follows:

- Plaintiff's constitutional claims in Count II and III for violation of the 5th and 8th

Amendments are due to be dismissed because Plaintiff was a pretrial detainee;

- Plaintiff's claims against Hunter, Huffman, and Daniels in their official capacities are due to be dismissed because they are not persons under § 1983; and

- The Sheriff Defendants are entitled to state-agent and state immunity for Plaintiff's state law claims.

Doc. 31 at 3.

The Court addresses each of the arguments below.

## A. DCC's Motion to Dismiss

### i. Plaintiff's Constitutional claims under the Fifth and Eighth Amendments as a pretrial detainee.

DCC argues that Plaintiff's constitutional claims in Count V for violation of the Fifth and Eighth Amendments are due to be dismissed because Strong was a pretrial detainee and therefore the Fifth and Eighth Amendments are inapplicable. Doc. 29 at 11. In her response, Plaintiff conceded and withdrew her Fifth and Eighth Amendment claims against the Sheriff Defendants. Doc. 38 at 2. This in no way impacts the Fourteenth Amendment claim in Count V, which remains pending.

### ii. Plaintiff's claims against DCC.

DCC also argues that all of Plaintiff's claims asserted against it are due to be dismissed because it cannot be liable under § 1983 for the acts of those whom it has no authority to control, and because Alabama law does not grant DCC authority to supervise the sheriff or jail. Doc. 29 at 5-6. Plaintiff counters that DCC states the wrong standard for dismissal at this stage, and that she has pled sufficient factual matter to state a plausible claim for relief for her § 1983 claims against DCC. Doc. 38 at 1-2. DCC further argues that its only duty was to fund inmate medical care, and that "there is no evidence it [it] failed to comply with its statutory duty to fund inmate medical care." *Id.* at 8, 10. Plaintiff counters that she has met the plausibility pleading standard

at this stage to allege that DCC did not comply with its statutory duty to fund medical care and survive a motion to dismiss. *See* Doc. 38 at 4-9.

A county can be held liable under § 1983 "only for acts which it is actually responsible." *Turquitt v. Jefferson Cnty.*, 137 F.3d 1285, 1287 (11th Cir. 1998). Alabama counties "have no responsibility for daily operation of county jails and no authority to dictate how jails are run." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1027 (11th Cir. 2001). Rather, a county's responsibilities "related only to maintaining the jail's physical plant and providing operational funding." *Turquitt*, 137 F.3d at 1291. Alabama sheriffs—not counties—are responsible for the management of county jails, and "they are not subject to county oversight in their performance of this responsibility." *Id.* (citing Ala. Code § 14-6-1; *King v. Colbert Cnty.*, 620 So.2d 623, 625 (Ala. 1993)). Thus, a county is not liable for a sheriff's actions or omissions in relation to the day-to-day management of a county jail. *See id.* at 1287-92; *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785-93 (1997).

In *Hemphill v. Morgan Cnty.*, Civ. Act. No. 5:21-cv-01286-AKK, 2022 WL 893756, 2022 U.S. Dist. LEXIS 54109 (N.D. Ala. Mar. 225, 2022), the Court found the Plaintiffs claims against the county were due to be dismissed because they were "based on the jail's staffing policies, its procedures for providing medical treatment, and its staff's alleged deliberate indifference to [the plaintiff's] medical needs[,]" which were managerial responsibilities exclusively delegated to the sheriff. *Id.* at *5. Notably, in *Hemphill*, the Plaintiff did not allege any failure on the county's part to comply with its statutory duty to fund inmate medical care. In fact, the *Hemphill* court noted that "a county may be held liable for failing to fulfill one of its enumerated duties [] such as [. . .] providing sufficient operational funding for medical care." *Id.* at *5 n.3 (citing *Shaw v. Coose Cnty. Comm'n*, 330 F. Supp. 2d 1285-89 (M.D. Ala. 2004); *Gaines v. Choctaw Cnty. Comm'n*, 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003)). In *Shaw*, the court held:

Where, as here, it is alleged that a breach of the county's duty to provide adequate

funding for the medical treatment of and medicines for inmates of the county jail caused such an inmate to die[], this Court cannot say that the motion to dismiss should be granted.

[. . .]

Where, as here, a complaint alleges that the harm to plaintiff's decedent occurred because of a failure to fund medical treatment in an Alabama jail, the Court cannot say as a matter of law that the county cannot be held liable.

*Shaw*, 330 F. Supp. 2d at 1289.

In this case, Plaintiff has clearly and plausibly alleged that the harm to the decedent occurred because of DCC's alleged failure to fund medical treatment at the jail. Accordingly, the Court finds the DCC's motion to dismiss is due to be denied.

The Court also notes that DCC was not entirely clear in its motion whether this argument was to apply only to Plaintiff's § 1983 claims, or also to Plaintiff's state law claims. The header for the argument appears to assert the argument applies to all claims, but the third sentence under the header indicates that the argument is only as to the § 1983 claims. *See* Doc. 38 at 5. Regardless, the Court finds that the motion is due to be denied. In the future, if DCC chooses to file a motion for summary judgment, it should clearly indicate which arguments apply to which claims and the applicable law for each, if it differs.

## B. Sheriff Defendants' Motion to Dismiss

### i. Plaintiff's claims in Counts II and III for violation of the Fifth and Eighth Amendments as a pretrial detainee.

The Sheriff Defendants argue that Plaintiff's constitutional claims in Counts II and III for violation of the Fifth and Eighth Amendments are due to be dismissed because Strong was a pretrial detainee and therefore the Fifth and Eighth Amendments are inapplicable. Doc. 31 at 6-7. In her response, Plaintiff conceded and withdrew her Fifth and Eighth Amendment claims against the Sheriff Defendants. Doc. 39 at 1. This is no way impacts the Fourteenth Amendment claim

in Count III, which remains pending.

### ii. Plaintiff's claims against Hunter, Huffman, and Daniels in their official capacities fail based on Eleventh Amendment Immunity and because they are not "persons" under 42 U.S.C. § 1983.

Next, the Sheriff Defendants argue that all official capacity claims brought against Hunter, Huffman, and Daniels are barred both by the Eleventh Amendment, and because in their official capacities they are not "persons" under § 1983. Doc. 29 at 8. Plaintiff counters that the Sheriff Defendants are not entitled to Eleventh Amendment immunity because they were acting as an arm of the County, not an arm of the State, when they performed the duties at issue. Doc. 39 at 2, 9-11.

First, the Court notes that the cases that Plaintiff cites all arose out of Georgia, and Georgia law differs from Alabama in that Georgia law does not explicitly define sheriffs as an arm of the state. *See, e.g.*, *Manders v. Lee*, 388 F.3d 1304, 1309 (11th Cir. 2003) (examining four factors to determine whether the sheriff was acting as an arm of the state and noting that "the resolution of the Eleventh Amendment issue in this case depends, in part, on state law."); *Dukes v. State*, 428 F. Supp.2d 1298, 1320 (N.D. Ga. 2006) (analyzing Georgia law to determine whether the sheriff was acting as an arm of the state when providing medical necessities to inmates).

The Alabama Constitution clearly states that county sheriffs are a part of the state executive department. Ala. Const. art. V, § 122. Further, the Eleventh Circuit has held "[i[t is well established in this Circuit that Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment." *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) (citing *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1288-89 (11th Cir. 1998)). Additionally, the Alabama Code provides:

> The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff [. . .] and shall be entitled to the same

immunities and legal protections granted to the sheriff [. . .] so long as such persons are acting within the line and scope of their duties and are acting in compliance with the law."

ALA. CODE § 14-6-1.  Thus, while the immunity that Alabama law affords sheriffs and their deputies also extends to the Sheriff Defendants, it only applies if the Sheriff Defendants were "acting in compliance with the law."  *See Bozeman v. Cty. of Elmore*, Civ. Act. No. 2:20-cv-630-ECM, 2021 WL 2954004, 2021 U.S. Dist. LEXIS 131042, at *16 (M.D. Ala. July 14, 2021) ("Although Alabama law now provides sovereign immunity to jailers, it is not provided to the full extent that sovereign immunity is applied to sheriffs because the plain language of the jailer immunity statute has two requirements for application of the immunity: acting within the line and scope of duty and acting in compliance with the law.").  The Eleventh Circuit has explained that "if a complaint plausibly alleged that officers violated constitutional rights by being deliberately indifferent to serious medical needs, it necessarily follows it similarly alleged they were not 'acting in compliance with the law . . ..'"  *Id.* (citing *Foster v. Maloney*, 785 F. App'x 810, 818-19 (11th Cir. 2019)).

Plaintiff asserts throughout her complaint that the Sheriff Defendants did not act in compliance with the law but rather acted with deliberate indifference in their failure to provide her with necessary and timely medical care.  *See, e.g.*, Doc. 23 at 14-18.  Thus, at the motion to dismiss stage, on the facts as plead, the Court cannot find that the Eleventh Amendment immunity afforded to sheriffs and their deputies is extended to Hunter, Huffman, and Daniels.

The Sheriff Defendants also argue that Count III asserted against Hunter, Huffman, and Daniels in their official capacities is due to be dismissed because they are not "persons" for purposes of § 1983 liability.  Doc. 31 at 8.  Indeed, the United States Supreme Court has held

[o]bviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against

the official's office.  As such, it is no different from a suit against the State itself.
[. . .]
We hold that neither a State nor its officials acting in their official capacities are
'persons' under § 1983.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff does not provide an argument

in response to this proposition by the Sheriff Defendants, other than to state that she brings her

claims in Count III against Hunter, Huffman, and Daniels in their individual capacities.  Doc. 39

at 16.  A review of Plaintiff's amended complaint, however, shows that Count III is asserted against

them both individually and in their official capacities.  Doc. 23 at 27.  Given Plaintiff's response

however, it appears that Plaintiff has abandoned her claim in Count III to the extent it is asserted

against Hunter, Huffman, and Daniels in their official capacities.

Accordingly, Plaintiff's § 1983 claims asserted against Hunter, Huffman, and Daniels in

their official capacities are due to be dismissed.  This is no way impacts the claims asserted against

them in Count III in their individual capacities.

### iii. Granthum - state immunity and state tort claims.

Next, Granthum argues that Plaintiff's state law claim in Count VIII is due to be dismissed

because Granthum is immune from all state tort claims.  Doc. 31 at 9.  Plaintiff counters that

entitlement to state immunity depends on whether the plaintiff seeks relief from the State, and

where, as here, Plaintiff seeks money damages against the Sheriff in his individual capacity,

Plaintiff is not seeking relief from the state and therefore the Sheriff is not entitled to state

immunity.  Doc. 39 at 2-3.

The Alabama Constitution provides: "The State of Alabama shall never be made a

defendant in any court of law or equity." Ala. Const. art. I, § 14.  "State immunity [under Article

I, Section 14 of the Alabama Constitution] and State-agent immunity [pursuant to Alabama Code

§ 6-5-338] are 'two different forms of immunity,' and those who qualify for State immunity 'are

treated differently under Alabama law' because they are constitutional officers." *Ex parte Donaldson*, 80 So.3d 895, 900 (Ala. 2011) (citation omitted).

The Eleventh Circuit has noted "that district judges are divided on whether and how state immunity applies to sheriffs and their deputies under Alabama law." *Donald v. Norris*, --- F.4th ---, ---, 2025 WL 796326, 2025 U.S. App. LEXIS 5968, at *24 (11th Cir. Mar. 13, 2025) (*comparing Reynolds v. Calhoun*, 650 F. Supp. 3d 1272, 1276 (M.D. Ala. 2023) *with King v. Moon*, 697 F. Supp. 3d 1273, 1279-80 (N.D. Ala. 2023)). In *Donald*, the Eleventh Circuit noted that it "cannot definitely resolve questions of state law" and did not offer instruction as to whether *Reynolds* or *King* was the appropriate standard for analyzing State immunity for sheriffs. *Id.*

Due to the split across districts courts and the fact that the Eleventh Circuit has not provided a clear answer on the issue, the Court turns to the Alabama Supreme Court's interpretations of State immunity for sheriffs. The Alabama Supreme Court has consistently held:

> a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment.

*Donaldson*, 80 So. 3d at 895 (citing *Ex parte Davis*, 930 So. 2d 497, 500-01 (Ala. 2005)). The Alabama Supreme Court has also held that the only circumstances where a sheriff does not receive State immunity is

> when an action is brought: (1) to compel state officials to perform their legal duties; (2) to compel state officials to perform ministerial acts; (3) to enjoin state officials from enforcing unconstitutional laws; (4) to enjoin state officials from acting in bad faith, fraudulently, beyond their authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act.

*Parker v. Amerson*, 519 So. 2d 442, 445 (Ala. 1987) (citing *Gill v. Sewell*, 356 So. 2d 1196, 1198 (Ala. 1978)).

The Court in *Reynolds* followed Alabama Supreme Court precedent, holding that State

immunity for sheriffs prohibits suits against sheriffs, even in their individual capacity, "because suits against a constitutional officer 'for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14." *Reynolds*, 650 F. Supp. 3d at 1278 (citing *Donaldson*, 80 So. 3d at 898).

On the other hand, in *King*, the Court relied on *Ex parte Cooper*, 390 So.3d 1030 (Ala. 2023) and *Ex parte Pinkard*, 373 So.3d 192 (Ala. 2022), which Plaintiff also relies on in her argument. However, the type of officers at issue in *Cooper* and *Pinkard* were state officers created by statute, not the Alabama constitution, as were the officers in the cases that *Pinkard* relied upon. *See Pinkard*, 373 So.3d at 200 (noting that Pinkard was a Deputy State Fire Marshal); *Cooper*, 390 So.3d at 1033 (noting that Cooper was sued in his official capacity as Director of the Alabama Department of Transportation). "Because the statutory officer in *Pinkard* was not sued in his official capacity, the court analyzed the claims against him under State-agent immunity." *Reynolds*, 650 F. Supp. 3d at 1276-77. Notably, Pinkard states that "Section 14 applies not only to suits against the State and its agencies, but also to 'official-capacity' suits against State officers, employees, and agents." *Pinkard*, 373 So.3d at 199 (citing Ala. Code § 36-1-12(b)). This is where the distinction between a typical state officer and "constitutional" officer described above comes in. While constitutional officers are afforded broader State immunity, the typical, statute-created state officer is afforded the more limited State-agent immunity described in *Pinkard*. Thus, it appears that *King* may have incorrectly relied on *Pinkard* in evaluating State immunity for sheriffs, and *Reynolds* more closely followed Alabama law as it applies to State immunity for sheriffs. This Court therefore follows the same application as the *Reynolds* case.

Here, Plaintiff's state law claims against Granthum are for monetary damages, so none of the limited exceptions enumerated in *Parker* apply. *See Parker*, 519 So. 2d at 445. The law, as articulated by the Alabama Supreme Court, appears to prohibit any suit for monetary damages

against a sheriff in his individual capacity. While the Court is weary of such a broad immunity and its impact on the ability for Plaintiffs to pursue claims that may otherwise have merit, its duty here is to faithfully apply Alabama law to the state law claims. Following the law as articulated by the Alabama Supreme Court, the Court finds that State immunity applies and Plaintiff's state law claim (Count VIII) against Granthum is due to be dismissed both in his official and individual capacities.

### iv. Hunter, Huffman, and Daniels - immunity under Alabama Code § 14-6-1 and state claims

Finally, the Sheriff Defendants argue that Plaintiff's state law claim (Count VIII) against Hunter, Huffman, and Daniels is due to be dismissed because they are immune under Ala. Code. § 14-6-1. Doc. 31 at 10. Specifically, the Sheriff Defendants contend that Ala. Code § 14-6-1 grants employees of the sheriff's office the same immunities that are afforded to sheriff, including the broad State immunity. *See id.* at 10-11. Plaintiff counters that Hunter, Huffman, and Daniels are not entitled to State immunity for the same reasons that she argues Granthum is not entitled to State immunity. Doc. 39 at 20.

The Eleventh Circuit has held:

Under Alabama law, state immunity is not coextensive with the Jailer Liability Protection Act. State immunity comes from the Alabama Constitution, which provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court of Alabama has previously held that stat immunity bars individual-capacity claims against sheriffs. *Parker v. Amerson*, 519 So. 2d 442, 446 (Ala. 1987). And because "deputy sheriffs are immune from suit to the same extent as sheriffs[,]" the Supreme Court of Alabama has extended state immunity to deputy sheriffs as well. *Alexander v. Hatfield*, 652 So. 2d 1142, 1144 (Ala. 1994). That extension includes deputy sheriffs who act as a warden or jailers. *Ex parte Burnell*, 90 So. 3d 708, 715 (Ala. 2012). By contrast, the Supreme Court of Alabama has held that state immunity does not extend to non-deputy jailers. *Ex parte Shelley*, 53 So. 3d 887, 897-98 (Ala. 2009). In response to the court's decision in Shelley, the Alabama "Legislature enacted the Jailer Liabilty Protection Act," which provides immunity to non-deputy jailers under certain circumstances. *Johnson v. Conner*, 754 F.3d 918, 920 (11th Cir. 2014).

[. . .] [T]o be eligible for immunity under the Jailer Liability Protection Act, the officer must "act[] in compliance with the law." Ala. Code. § 14-6-1. State immunity—at least as previously applied to sheriffs and their deputies—carries no similar requirement. *See., e.g.*, *Poiroux v. Rich*, 150 So. 3d 1027, 1038 (Ala. 2014) ("Suits against [sheriffs] for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14.") (quoting *Ex parte Donaldson*, 80 So. 3d 895, 898 (Ala. 2011)).

*Donald*, -- F.4th at --, 2025 WL 796326, 2025 U.S. App. LEXIS 5968, at *22-23.

Thus, the Eleventh Circuit is clear that the State immunity extended to sheriffs and their deputies is not broadly extended to jailers. Rather, jailers may only enjoy State immunity for actions done **in compliance with the law**. In Count VIII, Plaintiff clearly alleges that her death was the result of "the wrongful act(s), omission(s) and/or negligence of the Defendants[.]" Doc. 23 at 48. There are numerous factual allegations throughout the complaint that plausibly allege her claim. *See generally* Doc. 23.

Accordingly, the Court cannot conclude at this stage in the proceedings whether Hunter, Huffman, and Daniels acted in compliance with the law at all relevant times and are therefore entitled to State immunity. The Sheriff Defendants' motion to dismiss is therefore denied as to the argument that Hunter, Huffman, and Daniels are entitled to State immunity.

## V.    CONCLUSION

Accordingly, for the reasons stated above, DCC's motion to dismiss (Doc. 28) is **GRANTED in part** and **DENIED in part**. The motion is granted as to the Fifth and Eighth Amendment claims in Count V and denied as to all other claims.

The Sheriff Defendants' motion to dismiss (Doc. 30) is **GRANTED in part** and **DENIED in part**. The motion is granted as to Count VIII asserted against Granthum in his official and individual capacities. It is also granted as to Count III against the Sheriff Defendants in their

official capacities.  Further, it is granted as to the Fifth and Eighth Amendment claims in Counts
II and III.[2]  It is denied as to all other claims.

    To be clear, the following claims remain:

- Count I against DCC;

- Count III as it relates to the Fourteenth Amendment claim asserted against Hunter,
Huffman, and Daniels in their individual capacities and Tracy Davis in both her
official and individual capacities;

- Count IV asserted against Granthum in his individual capacity;

- Counts V, VI, and VII; and

- Count VIII asserted against all Defendants except Granthum.

    **DONE** and **ORDERED** this 25th day of March, 2025.

                /s/ Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES DISTRICT JUDGE

---

[2] Except for Tracy Davis in her official capacity in Count III, as she has not yet appeared in this
matter and did not join in the Sheriff Defendants' motion to dismiss.