THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENISE STRONG, as Personal Representative of the Estate of MARY J. STRONG, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:24-cv-00105-TFM-B ) ) |
| DALLAS COUNTY COMMISION, an entity; *et al.*, | ) ) ) |
| Defendants. | ) |

## **PROTECTIVE ORDER**

In order to protect the confidentiality of and the rights to information and documents disclosed in connection with this case and to facilitate the discovery by and among the parties, the undersigned hereby orders the following:

1. The parties agree that certain documents and data that will be produced in this action may contain confidential information.

2. Any document a disclosing party deems to contain confidential information whose public disclosure would result in undue harm to them shall be conspicuously designated as being confidential in nature by prominently marking

the document: "CONFIDENTIAL."

3. Should a producing person inadvertently fail to designate a document or deposition testimony as "Confidential," that party may make such a designation subsequently by promptly notifying all parties to whom such documents were produced or to whom copies of the deposition were provided, in writing of the "Confidential" designation of said documents or deposition transcripts. After receipt of such notification, the parties to whom production have been made will treat the designated documents or deposition testimony as "Confidential."

4. The burden of proving that a protected document contains confidential information is on the producing party. Prior to designating any material as Confidential, the producing party must make a bona fide determination that the material is, in fact, confidential information. If after production of documents the receiving party disagrees with the "confidential" designation of any document, the receiving party shall notify the producing party in writing. Upon receipt of the receiving party's objection to a "confidential" designation, the producing party shall respond in writing within ten (10) days to the objection with either agreement that the confidential designation is not warranted, or with a determination that the "confidential" designation should remain. Should the parties find themselves at an impasse on any "confidential" designation of a produced document, then the matter will be presented to the Court for resolution. Any document so marked as

"Confidential" will continue to be treated as confidential pending determination by the Court as to its confidential status, and any disagreement regarding the "confidential" status of a document shall not be grounds for non-production of the documents during the regular course of discovery. Should the undersigned determine that materials designated as "Confidential" should not be so designated, then the producing party shall within seven (7) days thereafter re-produce said documents without the "confidential" designation upon them.

     5.    Except as otherwise provided in this order or by further order of the Court, all documents produced in this action shall be used only for the purposes of this action and shall be disclosed only to Plaintiff or Defendants, Plaintiff's or Defendants' attorneys (including staff), the Court, or any consultant retained for the purposes of this action by Plaintiff or Defendants as a potential or actual expert witness, or witnesses whom the party (Plaintiff or Defendants) to whom the documents in question have been produced in good faith believes will or may potentially be called to testify as a witness in the evidentiary hearing for this action. The parties and their counsel and all respective consultants, experts, and witnesses are to be bound by the terms of this stipulation and protective order. Counsel for the requesting party shall ensure that any individual receiving produced documents from or at the direction of counsel for the requesting party shall familiarize himself or herself with the terms of this Order and be instructed that the Order is binding

on all persons privy to any produced materials produced in this action or alternatively provide such individual(s) with a copy of this Order.

6. A deponent during a deposition may be shown and examined about Confidential Information. If a party wishes to designate a portion of the deposition testimony concerning the inquiry concerning confidential information as "CONFIDENTIAL," they may designate such portion of the transcript confidential pursuant to the terms of this Protective Order.

7. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all confidential information designated as such under this Protective Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this order (in that the Court reporter may distribute the deposition to the Parties as they normally do), and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

8. Information designated as "CONFIDENTIAL" material under this Order, however, may be filed into Court or disclosed in any proceeding with the Court, including any hearing. If filed with the Court, material marked "CONFIDENTIAL" shall be filed in accordance with S.D. Ala.GenLR 5.2.

9. Also, any information designated as "CONFIDENTIAL," in accordance with this Order, may be disclosed in testimony at the trial of this action

or offered in evidence at the trial of this action, subject to the applicable law of evidence and subject to such further orders as the Court having authority over this action may enter. Additionally, the same applies to any document or thing produced in this action subject to paragraph five (5), herein.

10. When this action is concluded by the trial, settlement, dismissal, or otherwise, the provisions of this protective order shall remain in effect, and any party shall be entitled to the return of each such confidential document (and all hard and digital copies or extracts thereof) produced in this action or a writing from the receiving party stating that all such confidential documents (and all hard and digital copies or extracts thereof) have been destroyed within thirty (30) days of any said request, other than retaining an electronic copy for purposes of meeting the Alabama State Bar file retention requirements.

11. This Protective Order shall remain in effect throughout the pendency of this action unless and until the Court orders otherwise.

12. The provisions of this Protective Order shall not affect the admissibility of evidence at the trial of this matter, except as directed by separate order entered for good cause shown.

13. Each of the Parties shall also retain the right to file a motion with the Court to: (a) allow disclosure of "CONFIDENTIAL" material to additional persons or entities if reasonably necessary to prepare and present this Action; (b) to apply

for additional protection of confidential material; and (c) to modify the terms of this Order.

14.   This protective order shall be without prejudice to the rights of the Parties: (a) to bring before the Court at any time the question of whether any particular document, thing or information contains "CONFIDENTIAL" material, whether or not its use should be restricted, or whether or not it should be marked "CONFIDENTIAL," or (b) to present a motion to the Court under Fed. R. Civ. P. 26 (c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  Further, this protective order shall not be deemed to prejudice the parties in any way in any future application for modification of this protective order or future request that this protective order be modified.

15.   This protective order is solely for the purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Agreement nor the production of any information or document under the terms of this Agreement nor any proceeding pursuant to this Agreement shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

So ORDERED this 12th day of June, 2025.

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE